IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAMIEN LASHON HALL, | No. 2:23-CV-1340-DMC-P |
| Plaintiff, | |
| v. | ORDER |
| KAVELO, | |
| Defendant. | |

   Plaintiff, a prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983. Pending before the Court is Plaintiff's first amended complaint, ECF No. 10.

   The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). This provision also applies if the plaintiff was incarcerated at the time the action was initiated even if the litigant was subsequently released from custody. See Olivas v. Nevada ex rel. Dep't of Corr., 856 F.3d 1281, 1282 (9th Cir. 2017). The Court must dismiss a complaint or portion thereof if it: (1) is frivolous or malicious; (2) fails to state a claim upon which relief can be granted; or (3) seeks monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915A(b)(1), (2). Moreover, the Federal Rules of Civil Procedure require that complaints contain a ". . . short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This means that claims must be stated simply,

concisely, and directly.  See McHenry v. Renne, 84 F.3d 1172, 1177 (9th Cir. 1996) (referring to Fed. R. Civ. P. 8(e)(1)).  These rules are satisfied if the complaint gives the defendant fair notice of the plaintiff's claim and the grounds upon which it rests.  See Kimes v. Stone, 84 F.3d 1121, 1129 (9th Cir. 1996).  Because Plaintiff must allege with at least some degree of particularity overt acts by specific defendants which support the claims, vague and conclusory allegations fail to satisfy this standard.  Additionally, it is impossible for the Court to conduct the screening required by law when the allegations are vague and conclusory.

## I. PLAINTIFF'S ALLEGATIONS

Plaintiff initiated this action with a pro se complaint filed on July 7, 2023.  See ECF No. 1.  Before the Court could screen the original complaint, Plaintiff filed the pending first amended complaint as of right on July 21, 2023.  See ECF No. 10.  In the first amended complaint, Plaintiff names Kavelo, the Warden of Mule Creek State Prison, as the sole defendant.  See id. at 1-2.

Plaintiff claims that while residing in cell 202L-B-Dorm, Corrections Officer Arrellano (CO Arrellano) has been aggressive and disrespectful to Plaintiff and his cellmate. See id. at 3. Plaintiff claims that CO Arrellano has taken and thrown away their IRS items, their personal and legal mail, their photos, receipts, personal addresses, and telephone numbers. See id. Plaintiff claims CO Arrellano took these actions as retribution for other inmates' actions. See id. Plaintiff then claims that CO Arrellano and other prison staff have previously antagonized and retaliated against inmates by abusing their positions at Mule Creek State Prison. See id.

Plaintiff claims that, at a later unknown date, CO Arrellano read and threw away all items in Plaintiff's locker and under his bed. See id. at 4. Plaintiff claims this was due to retaliation because CO Arrellano was not able to charge other inmates in connection with a fight. See id. Plaintiff asserts that they he had nothing to do with the fight and that CO Arrellano has done this repeatedly. See id.  Plaintiff claims that, on February 27, 2023, he was moved to a different dorm but was not allowed to take any of his belongings. See id.

///

Though CO Arrellano is mentioned through the first amended complaint, he is not named as a defendant, and the first amended complaint contains no allegations specific to the only defendant who is named, Warden Kavelo.

## II.  DISCUSSION

The Court finds that Plaintiff's first amended complaint fails to state a claim against the only named defendant – the prison warden, who is a supervisory prison official – because Plaintiff does not assert any facts related to this defendant.  Nor has Plaintiff stated a claim against CO Arrellano because this individual is not named as a defendant.  Plaintiff will be provided an opportunity to amend consistent with the principles outlined below.

Supervisory personnel are generally not liable under § 1983 for the actions of their employees.  See Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989) (holding that there is no respondeat superior liability under § 1983).  A supervisor is only liable for the constitutional violations of subordinates if the supervisor participated in or directed the violations.  See id.  Supervisory personnel who implement a policy so deficient that the policy itself is a repudiation of constitutional rights and the moving force behind a constitutional violation may be liable even where such personnel do not overtly participate in the offensive act.  See Redman v. Cnty of San Diego, 942 F.2d 1435, 1446 (9th Cir. 1991) (en banc).  A supervisory defendant may also be liable where he or she knew of constitutional violations but failed to act to prevent them.  See Taylor, 880 F.2d at 1045; see also Starr v. Baca, 633 F.3d 1191, 1209 (9th Cir. 2011).

Whether a defendants holds a supervisory role or not, the causal link between the defendant and the claimed constitutional violation must be specifically alleged.  See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978).  Vague and conclusory allegations concerning the involvement of supervisory personnel in civil rights violations are not sufficient.  See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).  "[A] plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the constitution."  See Ashcroft v. Iqbal, 556 U.S. 662, 676 (2009).

### III.  CONCLUSION

Because it is possible that the deficiencies identified in this order may be cured by amending the complaint, Plaintiff is entitled to leave to amend prior to dismissal of the entire action.  See Lopez v. Smith, 203 F.3d 1122, 1126, 1131 (9th Cir. 2000) (en banc).  Plaintiff is informed that, as a general rule, an amended complaint supersedes the original complaint.  See Ferdik v. Bonzelet, 963 F.2d 1258, 1262 (9th Cir. 1992).  Thus, following dismissal with leave to amend, all claims alleged in the original complaint which are not alleged in the amended complaint are waived.  See King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987).  Therefore, if Plaintiff amends the complaint, the Court cannot refer to the prior pleading in order to make Plaintiff's amended complaint complete.  See Local Rule 220.  An amended complaint must be complete in itself without reference to any prior pleading.  See id.

If Plaintiff chooses to amend the complaint, Plaintiff must demonstrate how the conditions complained of have resulted in a deprivation of Plaintiff's constitutional rights.  See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980).  The complaint must allege in specific terms how each named defendant is involved and must set forth some affirmative link or connection between each defendant's actions and the claimed deprivation.  See May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

Finally, Plaintiff is warned that failure to file an amended complaint within the time provided in this order may be grounds for dismissal of this action.  See Ferdik, 963 F.2d at 1260-61; see also Local Rule 110.  Plaintiff is also warned that a complaint which fails to comply with Rule 8 may, in the Court's discretion, be dismissed with prejudice pursuant to Rule 41(b).  See Nevijel v. North Coast Life Ins. Co., 651 F.2d 671, 673 (9th Cir. 1981).

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's first amended complaint is dismissed with leave to amend; and
2. Plaintiff shall file a second amended complaint within 30 days of the date of service of this order.

Dated: May 23, 2024

_____
DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE